**Mindy S. Bish, Esq. (#169143)**
**SEDIN BEGAKIS & BISH**
**22505 Market Street, Suite 104**
**Newhall,  California 91321-2935**
**(661) 255-8300**

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOAN VALENTINE, | **CASE NO.** SACV 11-01437 JVS(ANx) |
| Plaintiff, | JOINT REPORT OF COUNSEL |
| vs. | DATE: February 6, 2012 |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, et. al., | Time:  11:30 a.m. |
| Defendants. |  |

**TO THE HONORABLE JAMES V. SELNA:**

The parties through their attorneys of record hereby submit the following Joint Rule 26(f) Report:

**A.**

**SYNOPSIS**

On February 25, 2008 Plaintiff JOAN VALENTINE was an employee, whose employer had an office in a building owned by

Joint Report

1

1  Downey Savings and Loan. Plaintiff entered an elevator in the
2  parking garage which was maintained by defendant Fujitec America,
3  Inc.
4      The elevator stopped approximately 4 inches short of the
5  floor thereby causing Plaintiff to trip and fall.
6      Plaintiff made a worker compensation claim as a result of
7  her injured. Worker's compensation has a lien of approximately
8  $32,000.
9      Plaintiff filed a Application to Correct the name of the
10 FDIC as stated in the complaint.

**B.**

**LEGAL ISSUES**

13     There are several legal issues related to this case. The
14 first related to Plaintiff's right to seek recovery against the
15 liability policy purchased by Downey Savings and Loan and in
16 effect on the date of this accident.
17     In 2008 the FDIC took over Downey Savings and Loan. The
18 FDIC alleged that the Downey was a no asset case. Based on this
19 allegation the FDIC did not allow for any claims to be filed.
20 Plaintiff, through her attorney of record. contacted the FDIC,
21 who indicated that there method by which a claim could be filed.
22     Plaintiff none the less filed a claim which was denied by
23 the FDIC. Plaintiff seeks to limit any recovery to the policy
24 limits of the liability policy which was in full force and effect
25 on the date of the incident. Plaintiff seeks no direct recovery
26 from the FDIC.
27     Defendant FDIC, as receiver alleges that Plaintiff, as a
28 matter of law is prohibited from seeking recovery as to the

1  liability policy only and will file a Motion to Dismiss under
2  FRCP section 12(B)(6).  Plaintiff has asked defendant FDIC to
3  provide her with their legal authority but as of the date of this
4  report has received none.
5     If the case is dismissed under FRCP section 12 (B)(6) then
6  the case will be sent back to the State Court.
7     In the event that the case is not dismissed, then the issues
8  relate to the safety of the elevator and the knowledge of the
9  property owner, Downey Savings, as to this dangerous condition.

**C.**

**DAMAGES**

12   As a result of her injuries Plaintiff's damages are in
13  excess of $32,000.  Plaintiff is also seeking general damages in
14  the amount of $200,000.

**D.**

**INSURANCE**

17   Defendant FDIC, as a receiver of Downey Savings has a policy
18  which will cover this claim.  Defendant Fujitec America also has
19  a policy which covers this claim.

**E.**

**MOTIONS**

22   Defendant FDIC, as a receiver, will file a Motion to
23  Dismiss.  There are no other motions contemplated at this time.

**F.**

**DISCOVERY AND EXPERTS**

26   It is not expected that any unusual discovery or changes in
27  the discovery process will be required.  Plaintiff anticipates 2
28  additional depositions and defendant expect to take depositions
    of the medical providers.

Joint Report

1     The parties propose that expert exchange should occur as
2 provided by the code.

### G.
### DISPOSITIVE MOTIONS

5     The only motions expected by the parties is a Motion to
6 Dismiss by the FDIC.

### H.
### SETTLEMENT

9     The parties have had preliminary settlement discussions.
10 The parties agree to a settlement conference with a magistrate
11 judge. Any settlement conference would not occur until after the
12 FDIC's Motion to Dismiss is heard.

### I.
### TRIAL ESTIMATE

15     The parties anticipate the trial will take no longer than 7-
16 14 days.  Plaintiff anticipates calling six (6) witnesses and
17 defendants anticipates calling approximately six to eight(6-8)
18 witnesses.

### J.
### TIMETABLE

21     The parties have not yet decided on a time table.  The
22 parties believe the Court continue this Status Conference to the
23 date of the hearing on the Motion to Dismiss.  In doing so the
24 Court could determine if this matter will stay in Federal Court
25 or sent back to State Court.

### K.
### OTHER ISSUES

28     None that either party is aware of.

Joint Report

## L.

## CONFLICTS

None

## M.

## PATENT CASES

N/A

## N.

## MAGISTRATES

The parties do not wish to have a Magistrate Judge preside.

Dated: January 30, 2012

                                       SEDIN BEGAKIS & BISH

                                       _____
                                       By: MINDY S. BISH
                                       Attorney for Plaintiff

Dated: January 30, 2012
                                       GALLOP & BLECHSCHMIDT, APLC

                                       _____
                                       By: STEVEN W. BLAKE
                                       Attorney for Defendant FDIC

Dated: January 30, 2012    MOORHEAD & SPARKS

                                       _____
                                       By:  J. PHILLIP MOORHEAD
                                       Attorney for Defendant FUJITEC America Inc.

Dated: January 30, 2012
                                       ADELSON TESTAN BRUNDO & JIMINEZ

                                       _____
                                       By:  Michael D. McLean
                                       Attorney for Zurich American Insurance (Worker's Comp)